STATE, *ex rel.* ARTHUR G. CUMMER, v. J. E. PACE, as City Auditor of the City of Jacksonville, *et al.*

165 So. 571.
Division B.
Opinion Filed February 1, 1936.

*George M. Powell,* for Relator;

*Austin Miller* and *Gov Hutchinson,* for Respondents.

BUFORD, J.—This cause is before us on motion to dismiss, which motion is based on six grounds, as follows:

"1. That there is no triable issue raised by the pleadings herein.

'2. That relator by failing to deny the several material facts alleged by respondents in their amended answer and return has admitted the same and that they are thereby, according to the rules and practice of this Court, taken to be true.

"3. That there are no issues presented or raised by the pleadings which require or permit the production of evidence.

"4. That this Court has heretofore held that the facts alleged in and by the amended answer and return constitute an adequate defense to this action.

"5. That the only purpose of appointing a Commissioner in this cause would be to give the relator an opportunity to attempt to obtain information relative to the business of the customers of the respondents contrary to the provisions of the Interstate Commerce Act of the United States and the opinion of this Court heretofore rendered in this cause, and would require repeated applications to this Court for rulings and directions.

"6. That it appears by the record herein that the respondents are ready and willing to exhibit to the relator, or his agent, all of the records of respondents, examination of which is desired by relator, except those which this Court has heretofore in this cause held to be privileged, and that, therefore, the appointment of a Commissioner is unnecessary and a useless prolongation of litigation."

And upon motion for the appointment of a Commissioner to take testimony after joinder of issue subsequent to the filing of opinion herein on December 10, 1935.

The motion to dismiss is not well founded.

The joinder of issue on the amended answer and return of the respondents puts in issue the facts alleged as defensive matter in the amended answer and return.

The opinion filed herein, *supra,* settled the question of the sufficiency of the allegations contained in the several paragraphs of the amended answer and return and especially those allegations contained in paragraph XIII of

such answer and return which are set forth in full in that opinion.

As we construe the joinder of issue, the question now to be determined is whether or not the allegations contained in paragraph XIII of the amended answer and return are true and, therefore, whether or not a part of the papers, books and records sought to be inspected by the relator, either by himself or through his agents, servants or representatives, are such papers, books and records which constitute records of a common carrier in Interstate Commerce, which contain information concerning the nature, kind, quantity, destination, consignee, or routing of any property tendered or delivered to such common carrier for Interstate transportation, which information may be used to the detriment or prejudice of any shipper or consignee or which may improperly disclose the business transactions of such shipper or consignee to a competitor, as is contemplated by paragraph 11 of Section 15, Title 49 U. S.. Code Annotated.

The motion to dismiss will be denied.

The motion for the appointment of a Commissioner to take testimony will be granted. The Honorable Bayard Shields, Judge of the Fourth Judicial Circuit of Florida, is hereby appointed Commissioner to take such testimony as may be required touching the issue hereinabove set forth and to make findings as to whether or not the papers, books and records of the respondent come within the purview and protection of Section 2, Parapraph 15, Title 49, U. S. Code Annotated, and to so conduct such examination that none of the information contained in such papers, books and records of the respondent which come within the purview and under the protection of such Federal Statute shall be divulged to the relator or others acting in his behalf, nor

will become a part of the record in this case, and he shall make report of his doings and findings to this Court as speedily as may be practicable.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.